UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER ALAN STANTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-00081-JMS-MJD |
| WEXFORD MEDICAL Medical/Mental Health Provider, <br> Doctor DANIEL BERTSCH Psychiatrist, | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Christopher A. Stanton, an inmate at the Wabash Valley Correctional Facility (WVCF), brings this action pursuant to 42 U.S.C. § 1983. Mr. Stanton alleged that Dr. Bertsch violated his Eighth Amendment rights by prescribing him Depakote but failing to monitor his health such that the medication depleted his white blood cell count to zero and failing to maintain an adequate supply of Mr. Stanton's medications for night terrors, bipolar disorder, and PTSD. Mr. Stanton also alleged that Wexford has a pattern and policy of not checking to see if their doctors are trained properly, doing everything as cheaply as possible, not maintaining an adequate supply of medication, and refusing to provide proper health care to its patients.

The defendants move for summary judgment on Mr. Stanton's claims arguing that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing this lawsuit. For the following reasons, the motion for summary judgment, dkt. [40], is **granted**.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the

PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendants' burden to establish that the administrative process was available to Mr. Stanton. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate

is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

"This circuit has taken a strict approach to exhaustion." *Wilborn v. Ealey,* 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes, at least as long as it is actually available to the inmate." *Id.*

## II. Statement of Facts

Mr. Stanton is an inmate at WVCF and has been at all times relevant to his claims in this case. The Indiana Department of Correction (IDOC) has an Offender Grievance Process – IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process – which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement and a range of other issues and complaints prior to filing suit in court. *See* dkt. 41-3.

Thomas Wellington is employed at WVCF as the Grievance Specialist. In this position, he oversees the grievances process of all medical and non-medical grievances by inmates at WVCF. Mr. Wellington is the custodian of the grievance records maintained by WVCF, which include grievance documents filed by inmates as well as responses and appeals served by IDOC staff. As such, he has access to all inmate grievance documentation. Mr. Wellington is also knowledgeable regarding the process and all requirements of the IDOC offender grievance process including its application at WVCF.

The purpose of the offender grievance process is to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement at their current institution. The grievance procedures at WVCF are noted in the inmate handbook and are provided to inmates upon their arrival at WVCF. The grievance process consists of the following three steps: (1) an informal attempt to solve a problem or address a concern, (2) if this informal

4

resolution is unsuccessful, the offender must file a Level 1 formal grievance, which includes the submission of a Level 1 Grievance Form to the Administrative Assistant at the facility, and (3) the final step is to appeal the facility's decision by submitting a Level 2 Grievance Appeal. Successful exhaustion of the grievance procedure by an offender includes timely pursuing each step or level of the informal and formal process. An offender must also use the proper grievance forms in order to exhaust successfully and must file timely each grievance within the timeframe outlined by the administrative procedures of the IDOC.

The IDOC's records reflect that although Mr. Stanton has filed a number of grievances during his incarceration, he has filed only three since 2016, of which two were filed in March 2018. The two grievances filed in March 2018, grievance # 101083 and 101162, both reference Mr. Stanton's interactions with non-medical staff at WVCF and do not relate to his claim against Dr. Bertsch.

Mr. Stanton failed to complete the exhaustion requirement as to any of his grievances during the entirety of his incarceration.

During the May 7, 2018, status conference in this action before Magistrate Judge Dinsmore, Mr. Stanton acknowledged on the record that he did not file or attempt to file any grievance with regard to his claims.

### III. Discussion

The defendants argue that Mr. Stanton failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them. Mr. Stanton argues that he was not required to file a grievance on his claim because the Offender Grievance Process Policy states that an example of a non-grievable issue is "[f]ederal, state and local law." Dkt. 46. Mr. Stanton argues that Dr. Bertsch and Wexford "broke federal law" by violating his federal

5

constitutional rights, and therefore he was not required to file a grievance. Mr. Stanton does not dispute that the grievance process was available to him and that he did not file a grievance related to his claims. In reply, the defendants argue that Mr. Stanton's legal argument cannot be correct as it would obviate the mandatory requirement of exhaustion before filing a civil action under the PLRA.

The uncontested facts demonstrate that the defendants have met their burden of proving that Mr. Stanton "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Although Mr. Stanton previously availed himself of the administrative remedy process, he failed to exhaust the grievance process with respect to the claims in his complaint. Mr. Stanton has never attempted to follow the administrative remedy process related to his medical care claim. Because completing all levels of the administrative remedy process is required, the uncontested evidence shows that Mr. Stanton did not exhaust his administrative remedies. *See Woodford*, 548 U.S. at 90.

Mr. Stanton argues he was not required to exhaust his administrative remedies because he is challenging an alleged violation of federal law – that Dr. Bertsch and Wexford were in violation of the Eighth Amendment. Mr. Stanton points out that the grievance policy states: "Matters Inappropriate to the Offender Grievance Procedure: Example of non-grievable issues, but not limited to: 1. Federal, state, and local law[.]" Dkt. 41-3 at 4. But the grievance process specifically includes as grievable issues that "affect [an inmate] personally and impact[] the conditions of [his] confinement" including "[t]he substance and requirement of policies, procedures and rules…including, but not limited to…staff treatment, medical or mental health" and "actions of individual staff." Here, Mr. Stanton's claim that Dr. Bertsch was deliberately indifferent to his serious medical need falls squarely in the grievable category of "actions of individual staff." His

claim against Wexford falls squarely in the grievable category of "[t]he substance and requirement of policies, procedures and rules…including, but not limited to…staff treatment, medical or mental health." The exclusion from grievable issues of those allegations related to "federal, state, and local law" is more likely intended to exclude grievances that challenge those laws, not necessarily those alleging a violation of them. *See also Paschall v. Coats*, No. 1:15-cv-00621-SEB-DKL, 2016 U.S. Dist. LEXIS 134296, at *7 (S.D. Ind. Sep. 28, 2016) (rejecting the same argument).

The consequence of Mr. Stanton's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the foregoing reasons, the motion for summary judgment, dkt. [40], is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/10/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER ALAN STANTON
158436
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com